```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

NURY VASCONCELLOS,                  :

                  Plaintiff,        :   05 Civ. 10479 (GBD)(HBP)

    -against-                       :   OPINION
                                        AND ORDER
THE MOUNT SINAI MEDICAL CENTER,     :

                  Defendant.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By an undated notice of motion docketed on January 19, 2010 (Docket Item 24) plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A.

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success."  Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

This is an employment discrimination action in which plaintiff alleges she was terminated from her position as an administrative assistant on the basis of gender, race, national origin, religion and disability.  She also alleges that she was illegally retaliated against as a result of her complaints that one of her supervisors -- Karen Leitson -- had discriminated against her.  Defendant claims plaintiff was terminated as a result of multiple incidents of insubordination and performance issues.  Although the allegations in her motion for <u>pro bono</u> counsel are sparse, I am willing to assume that plaintiff cannot afford an attorney and lacks any familiarity with the judicial system.  Plaintiff does not, however, adequately describe the efforts she has made to secure <u>pro bono</u> counsel on her own nor does provide any information suggesting that her claims are meritorious.  The only information plaintiff provides concerning her own efforts to obtain counsel is the following statement:  "I have contacted N.E.L.A. lawyers and they were charging me rates that I could not afford because I was not working.  I contacted a few attorneys from the yellow pages & other I was referred to."  If plaintiff wishes to renew her application, she should provide specific information, such as when she attempted to retain counsel, the identities of the attorneys she contacted and the

3

fees that they quoted above. Any renewed application should also contain sufficient factual information to permit me to assess whether plaintiff's case has sufficient merit to be submitted to the Pro Bono Panel.

Accordingly, plaintiff's motions (Docket Items 24) to have her case added to the list of cases considered by the Court's Pro Bono Panel is denied without prejudice to renewal. Any renewed application for counsel should address the issues identified above.

Dated:  New York, New York
        March 10, 2010

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Ms. Nury Vasconcellos
170-11 90th Avenue
Jamaica, New York  11432

Mr. Rory J. McEvoy, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022