UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NURY VASCONCELLOS,

                     Plaintiff,

            -against-

THE MOUNT SINAI MEDICAL CENTER,

                  Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER
05 civ. 10479 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Nury Vasconcellos brings this claim against her former employer, the Mount Sinai Medical Center ("Mount Sinai"), alleging that her supervisor at Mount Sinai discriminated against her on the basis of a disability in violation of the Americans with Disabilities Act ("ADA"), and on the basis of her gender, national origin, religion and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law §296(10). Plaintiff also alleges that she was the victim of illegal retaliation. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the complaint.

    This Court referred the matter to Magistrate Judge Henry Pitman for a Report and Recommendation ("Report"). Magistrate Judge Pitman issued a Report recommending that Defendant's motion be granted in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

1

which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff requested and received an extension of time to object to Report. However, she did not file any objections. This Court adopts Magistrate Judge Pitman's Report and Recommendation in its entirety.

### A. Plaintiff's ADA Claim

Magistrate Judge Pitman properly concluded that Plaintiff failed to provide any evidence supporting her claim of discrimination directed at her disability. In support of her disability discrimination claim, Plaintiff alleges that her supervisor was aware Plaintiff suffered from asthma. However, Plaintiff does not allege that her asthma constituted a disability or that she was discriminated against due to her asthma. See Environmental Equip. & Serv. Co. v. Wachovia Bank, N.A., No. 08-1478 WL 3768132 at *8 (E.D. Pa. Sept. 23, 2010). Therefore, summary judgment dismissing plaintiff's ADA claims is appropriate.

2

### B. Plaintiff's Title VII Claims

Magistrate Judge Pitman properly concluded that Defendant was entitled to summary judgment on Plaintiff's Title VII claims for discrimination on the basis of gender, national origin and religion. In order to establish a *prima facie* case under Title VII, Plaintiff must present sufficient evidence that "[she] is a member of a protected class; (2) [she] is competent to perform the job or is performing [her] duties satisfactorily; (3) [she] suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class." Dawson v. Bumble & Bumble, 389 F.3d 211, 216 (2d Cir. 2005). Magistrate Judge Pitman properly concluded that Plaintiff's submissions were devoid of any evidence sufficient to meet the *prima facie* elements of her claim. Therefore, Defendant is entitled to summary judgment dismissing Plaintiff's Title VII claims.

Even if Plaintiff could establish a *prima facie* claim for discrimination, Magistrate Judge Pitman properly concluded that Defendant was entitled to summary judgment on Plaintiff's Title VII claims. Plaintiff, amongst other things, failed to challenge Defendant's well-documented, non-discriminatory reasons for Plaintiff's termination—that she was excessively absent, tardy, insubordinate, and performed poorly.

On Plaintiff's failure to promote claim, Magistrate Judge Pitman properly concluded that Plaintiff failed to make out a *prima facie* case. To establish a prima facie case for failure to promote, a Plaintiff must show: (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Williams v. R.H. Connelly, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (citing

3

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973))(Sotomayor, J.). Plaintiff failed to submit any evidence establishing an inference of discrimination or that she was qualified and applied for a job for which the employer was seeking applicants. Thus, summary judgment is proper.

As to Plaintiff's claim that Defendant treated Hispanics and non-Hispanics disparately, Magistrate Judge Pitman properly concluded that plaintiff failed to establish her burden of demonstrating Defendant's disparate treatment of Hispanic employees and, thus, also failed to establish an inference of discrimination. Plaintiff fails to identify any similarly situated employees.

### C. Plaintiff's Retaliation Claim

Magistrate Judge Pitman properly concluded that the absence of evidence of pretext warrants summary judgment dismissing Plaintiff's retaliation claim. Even though Plaintiff's September 2004 termination following a June 2004 complaint might support an inference of causation between the protected activity and retaliatory animus, Defendant has offered substantial documentary evidence that it terminated Plaintiff for poor performance. Further, Plaintiff's submissions are devoid of any evidence sufficient to create an issue of fact that Defendant's articulated reasons for terminating Plaintiff for poor performance is pretextual. Therefore, Defendant is entitled to summary judgment.

### D. Leave to Amend

Magistrate Judge Pitman properly concluded that Plaintiff should not be granted leave to amend to add a plethora of state law claims. Having dismissed all of Plaintiff's federal claims, this Court would lack subject matter jurisdiction over such claims. Therefore, Plaintiff's request for leave to amend is denied.

## Conclusion

This court adopts the Report and Recommendation. Defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED.

Dated: March 21, 2011
      New York, New York

SO ORDERED:

_George B Daniels_
GEORGE B. DANIELS
United States District Judge

5